# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PROGRESSIVE EXPRESS INSURANCE COMPANY,**

        **Plaintiff,**

v.                                        Case No:   6:18-cv-165-Orl-37KRS

**H&C FLORIDA TRUCKING, INC., YOANDY CARRASCO and THE ESTATE OF CARLOS ORLANDO CRUZ,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT** (Doc. No. 29)
>
> **FILED:** **JULY 9, 2018**

### I. PROCEDURAL HISTORY.

On February 8, 2018, Plaintiff Progressive Express Insurance Company ("Progressive") filed an Amended Complaint against Defendants H&C Florida Trucking Inc. ("H&C"), Yoandy Carrasco, and the Estate of Carlos Orlando Cruz ("the Estate"). Doc. No. 7. Progressive sought a declaratory judgment determining its obligations under an insurance policy it issued to H&C for a Volvo VNL Truck, which H&C's employee and president, Carrasco, was driving when it struck and killed Carlos Orlando Cruz ("Decedent"). *Id.* at 2–5. Specifically, Progressive alleged that it had

no duty to indemnity Carrasco or H&C for any damages arising from the death of the Decedent because Carrasco was an excluded driver under the Policy and neither he nor H&C were entitled to bodily injury liability coverage under the Policy. *Id.* at 3.

All Defendants were properly served with the Amended Complaint. Doc. Nos. 14, 15, 26. None answered or otherwise responded to the Amended Complaint. Upon motion, the Clerk of Court entered defaults against H&C and Carrasco on April 3, 2018 (Doc. Nos. 19, 20), and against the Estate on July 2, 2018 (Doc. No. 28).

On July 9, 2018, Progressive moved for entry of default judgments against all Defendants, which motion was referred to me for issuance of a Report and Recommendation. Doc. No. 29. On July 19, 2018, I issued an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Doc. No. 30. On July 23, 2018, Progressive responded to the Order with a copy of a $500,000 demand for settlement that counsel for the Decedent, Jack B. Woodard, served on Progressive. Doc. No. 31-1.[1] Based on this response, I ordered Progressive to serve on Attorney Woodard a copy of the Amended Complaint and a copy of the motion for default judgment. Doc. No. 32. I also ordered Progressive to file proof of service of these documents on Attorney Woodard and gave counsel for the Estate until August 15, 2018, to respond to Progressive's motion for default judgment. *Id.* Progressive filed proof of service (Doc. No. 33, 34), and neither Attorney Woodard nor other counsel for the Estate have responded to that order.

As of the writing of this Report and Recommendation, no Defendant has responded to the motion for default judgment. Accordingly, the matter is now ripe for consideration.

---

[1] Because the parties are diverse and the amount in controversy exceeds $75,000, jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

## II.   STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment.  *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  This analysis applies equally to motions for default judgment.  *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

## III.   ALLEGATIONS OF THE AMENDED COMPLAINT.

Progressive issued a commercial automobile insurance policy to H&C providing coverage for H&C's Volvo VNL Truck from February 28, 2017 through February 28, 2018.  Doc. No. 7 ¶¶ 9–10 (the "Policy").  The Policy listed Yoandys Carrasco as an excluded driver[2], and the Policy stated that Progressive would not provide coverage for an excluded driver.  *Id.* ¶¶ 11–12; Doc. No.

---

[2] Progressive alleges that Defendant Yoandy Carrasco was H&C's employee and president.  Doc. No. 7 ¶ 14.  There is no allegation or evidence showing that the Yoandys Carrasco, named in the Policy as an excluded driver, is a different person that Defendant Carrasco.

7-1, at 3, 43.[3]  Specifically, the Policy had a "Named Driver Exclusion Endorsement" stating that Progressive:

> [W]ill not provide coverage for any claim under Part I - Liability To Others for **bodily injury** liability, Part II - Damage To Your Auto, or under any applicable Medical Payments Coverage under this policy, arising from an **accident** or **loss** involving a motorized vehicle being operated by that excluded driver. This includes any claim for damages made against any named insured, any person insured under the policy, or any other person or organization that is vicariously liable for an **accident** arising out of the operation of a motorized vehicle by the excluded driver. If **we** have certified this policy as proof of financial responsibility,[4] then **we** will pay the minimum limits required by law under Part I - Liability To Others.

Doc. No. 7-1, at 43 ¶ 1.

On November 15, 2017, Carrasco was driving the Volvo VNL Truck, which struck and killed the Decedent.  Doc. No. 7 ¶ 14.  Counsel for the Decedent made a demand for settlement to Progressive under the insurance policy based on Carrasco's negligence.  *Id.* ¶ 15.  The record does not reflect whether the Estate has filed a lawsuit against H&C and Carrasco arising from the events that caused the death of the Decedent.

In its Amended Complaint, Progressive sought declaratory relief that Carrasco was an excluded driver under the insurance policy and was not entitled to bodily injury liability coverage for the damages claimed by counsel for Decedent.  Doc. No. 7 ¶ 16.  Progressive also sought a declaration that H&C likewise was not entitled to coverage as Carrasco's employer.  *Id.* ¶ 17. Therefore, Progressive contended that it had no duty to indemnify either H&C or Carrasco for bodily injury sustained by the Decedent.  *Id.* ¶ 18.  Progressive asserted that there exists an actual present

---

[3] Citations to this document are to the page numbers assigned when the document was filed in CM/ECF.

[4] There is no indication that the insurance policy (Doc. No. 7-1) was issued under the Florida Financial Responsibility laws.  *See* Fla. Stat. § 324.011, *et seq.*; *see also Canal Ins. Co. v. Reed*, 680 So. 2d 486, 488 (Fla. 1st Dist. Ct. App. 1996) (noting that insured under automobile insurance policy has burden to show that employee exclusion in insurance policy violated public policy because policy was issued under Florida Financial Responsibility Law).

need for declaration of coverage, there is controversy regarding such coverage, and it needs a declaration of its rights and obligations under the policy.  *Id.* ¶¶ 19–24.

**IV.   ANALYSIS.**

A party invoking the Court's jurisdiction under the Declaratory Judgment Act, 28 U.S.C.§ 2201, must demonstrate "at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition."  *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (quoting *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991)).  If the claim concerns the threat of future injury, "[t]here must be a substantial likelihood that the plaintiff will suffer [such] future injury: a 'perhaps' or 'maybe' chance is not enough."  *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999) (citations omitted).

Generally, an insurer's duty to indemnify is dependent on the outcome of a case; therefore, a declaratory action on the duty to indemnify is premature until the underlying claim is resolved.  *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001).  "The only exception to this general principle is if the court can determine that the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify."  *Id.* (citations omitted); *see also Laboss Transp. Servs., Inc. v. Glob. Liberty Ins. Co. of N.Y.*, 208 F. Supp. 3d 1268, 1280 (S.D. Fla. 2016) ("The test for an 'actual controversy' under the Declaratory Judgment Act does not require a present dispute, but only the 'practical likelihood' that a dispute will arise." (quoting *Tudor Ins. Co. v. Zelwin, LLC*, No. 8:16–CV–376–T–30JSS, 2016 WL 1383040, at *1 (M.D. Fla. Apr. 7, 2016))).

Because counsel for the Decedent made a demand to Progressive for payment under the terms of the Policy, I recommend that the Court find that a justiciable controversy exists. *Cf. Laboss Transp. Servs., Inc.,* 208 F. Supp. 3d at 1280 (concluding that in insurance contract dispute, actual controversy existed for purposes of Declaratory Judgment Act even though claimant had not yet filed civil action against insured because claimant's attorney had made claim on insurer which the insurer denied).

In this diversity action, the Court must apply Florida law to determine whether Carrasco was an excluded driver under the insurance policy at issue, and whether Progressive has a duty to indemnify or defend either H&C or Carrasco against a claim brought on behalf of the Decedent based on Carrasco's negligence. *See S.-Owners Ins. Co. v. Easdon Rhodes & Assocs. LLC*, 872 F.3d 1161, 1164 (11th Cir. 2017). In Florida, language in an insurance contract is given its ordinary meaning, "and the policy must be construed as a whole 'to give every provision its full meaning and operative effect.'" *Id.* (quoting *Auto–Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000)). The terms of an insurance policy must be interpreted "'in their ordinary sense [to provide] a reasonable, practical and sensible interpretation consistent with the intent of the parties.'" *Id.* (alteration in original) (quoting *Siegle v. Progressive Consumers Ins. Co.*, 819 So. 2d 732, 736 (Fla. 2002)).

Florida law allows insurance policies to exclude specific persons from coverage who are driving an insured motor vehicle when it is involved in an accident. *E.g.*, *Antonelli v. United Auto. Ins. Co.*, 133 So. 3d 1007, 1007 (Fla. 3d Dist. Ct. App. 2014). When an insurance policy unambiguously excludes a specific driver, a declaratory judgment on the issue is proper. *Cf. Progressive Am. Ins. Co. v. Steele*, 15 F. Supp. 3d 1240, 1252 (M.D. Fla. 2014) (granting summary judgment in favor of insurance company in declaratory judgment action in which insurance policy

specifically excluded coverage for the driver of the motor vehicle involved in the underlying accident).

On the Declaration's Page of the Policy, Carrasco was specifically listed as an excluded driver.  Doc. No. 7-1, at 3.  Under the "Named Driver Exclusion Endorsement," Progressive was not obligated to provide coverage for any excluded driver for bodily injury to others "arising from an accident or loss involving a motorized vehicle being operated by that excluded driver."  *Id.* at 43 ¶ 1.  Based on a plain reading of the contractual language, *see S.-Owners Ins.*, 872 F.3d at 1164, if Carrasco was an excluded driver under the policy, Progressive would not be liable for a claim for bodily injury to the Decedent against either Carrasco or H&C.  *See* Doc. No. 7-1, at 43 ¶ 1.

By their defaults, Defendants H&C, Carrasco, and the Estate admit that Carrasco struck and killed the Decedent while operating the Volvo VNL Truck covered by the Policy.  Doc. No. 7 ¶ 14.  They admit that at the time of the accident Carrasco was an excluded driver under the Policy.  *Id.* ¶ 11, 16.  Based on these admissions, I recommend that the Court find that, under the Policy, Progressive has no duty to indemnity H&C or Carrasco for damages arising from the death of the Decedent as a result of being struck by the Volvo VNL Truck that was then driven by Carrasco, an excluded driver.  Therefore, I recommend that the Court enter a default declaratory judgment in favor of Progressive and against all named Defendants.

## V.     RECOMMENDATION.

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **GRANT** Plaintiff's Motion for Default Judgment (Doc. No. 29);
2. **FIND** that Plaintiff Progressive Express Insurance Company owes no duty to indemnify H&C Florida Trucking or Yoandy Carrasco under the Policy for bodily injury damages

arising from the death of the Decedent when he was struck by the Volvo VNL Truck being driven by Carrasco, an excluded driver; and

3. **DIRECT** the Clerk of Court to issue a Judgment consistent with the Court's ruling on this Report and Recommendation and, thereafter, to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 24, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy